UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



WILLIAM PENN REAVIS, SR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. 4:07cr75
Civil Action No. 4:09cv157

## OPINION AND ORDER

Currently before the court is a motion filed *pro se* by petitioner William Penn Reavis, Sr. (the "Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion, Petitioner claims that he received ineffective assistance of counsel because his counsel (1) failed to raise a defense; (2) coerced him into entering a plea of guilty by promising that he would be sentenced to no more than three years imprisonment; (3) failed to inform Petitioner that the Presentence Investigation Report ("PSR") would affect his sentence; (4) misrepresented that the government would not challenge his objections to the PSR and request for a downward departure; (5) failed to note an exception to the court's ruling regarding his objections to the PSR; (6) failed to raise the issue of jurisdiction; and (7) failed to file a direct appeal as requested.

For the reasons discussed below, the court **DENIES** Petitioner's motion with respect to claims (1) through (6) and grants an evidentiary hearing before United States Magistrate Judge Douglas E. Miller with regard to claim (7) for the sole purpose of determining whether Petitioner, in fact, instructed his counsel to file a notice of appeal on his behalf in this case.

## I. Factual and Procedural Background

Petitioner was named in a two count indictment charging him with interstate transportation of a firearm and ammunition with the intent to commit a felony, and possession of a firearm after being convicted of a felony. On October 21, 2008, Petitioner appeared before the court, with counsel, and pled guilty to count one of the indictment pursuant to a plea agreement. The court accepted Petitioner's guilty plea and continued the matter for sentencing. On February 27, 2009, after resolving certain objections to the Presentence Investigation Report, the court sentenced Petitioner to 120 months imprisonment. The court's judgment was entered on March 2, 2009.

On December 14, 2009, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion, Petitioner relied on five separate grounds for relief. The first three grounds questioned the court's jurisdiction, while the fourth argued that Petitioner's conviction was unconstitutional because 18 U.S.C. § 924(b) was merely a "code" and not a "legislative law." Petitioner's fifth and final ground contained various ineffective assistance of counsel claims. On January 15, 2010, the court denied Petitioner's motion as to grounds one through four and ordered the government to respond to ground five within sixty (60) days. On March 12, 2010, the government filed its response. On May 24, 2010, Petitioner filed a petition for a writ of mandamus in the Court of Appeals for the Fourth Circuit, requesting that the Fourth Circuit compel this court to respond to his § 2255 petition. On June 29, 2010, Petitioner filed a motion seeking leave to file a reply to the government's response. The court granted the petitioner's motion and he filed a reply on July 19, 2010. On October 20, 2010, the Fourth Circuit denied Petitioner's petition for a writ of mandamus. Accordingly, this matter is

now ripe for consideration.

## II. Standard of Review

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. An evidentiary hearing is unnecessary prior to ruling on a § 2255 motion if the case file, along with the court's recollection of the case, establishes that there are no unresolved factual disputes on which petitioner's claims depend. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); see United States v. Terry, 366 F.3d 312, 314-15 (4th Cir. 2004) (affirming the district court's rejection of the petitioner's claims on the record evidence because "even if [the petitioner's] evidence was believed, it would not establish ineffective assistance").

A collateral attack under § 2255 is far more limited than an appeal. A petitioner is entitled to relief under § 2255 only if he establishes constitutional or jurisdictional defects, if the sentence imposed exceeds the maximum authorized by law, or in the extraordinary event that the alleged error otherwise represents "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). A petitioner bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The doctrine of procedural default bars a court from reaching the merits of § 2255 claims

not previously raised before the trial court, or on appeal, unless a petitioner can show "cause" excusing his procedural default and "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167 (1982). Although the doctrine of procedural default generally bars the consideration of claims not previously raised, a freestanding claim of ineffective assistance of counsel may be properly asserted for the first time in a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court's standard for assessing the effectiveness of counsel is "highly deferential." Id. at 689; see Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986) (discussing the "highly demanding" Strickland standard). In order to advance a valid ineffective assistance of counsel claim, a petitioner must prove both: (1) the performance prong: that his attorney's conduct fell below an objective standard of reasonableness; and (2) the prejudice prong: that his attorney's deficient performance caused him prejudice. Strickland, 466 U.S. at 687-91.

The first prong of Strickland, the performance prong, requires a petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. "[E]ffective representation is not synonymous with errorless representation" and establishing deficient performance requires more than a showing that counsel's performance was below average. Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. Furthermore, "a court must indulge a strong

4

presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "judicial scrutiny of counsel's performance must [therefore] be highly deferential." Strickland, 466 U.S. at 689. As it is "all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, . . . [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

The second prong of Strickland, the prejudice prong, requires a petitioner to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability of a different outcome in the absence of counsel's alleged errors.

A petitioner's burden to establish prejudice is modified when an ineffective assistance claim follows a plea of guilty, as a petitioner must then demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-98 (4th Cir. 1992). That a plea bargain is "favorable" to a defendant and that accepting it was "a reasonable and prudent decision" is evidence of the voluntary and intelligent nature of the plea. Fields, 956 F.2d 1299. An inquiry into whether a petitioner has presented enough evidence to demonstrate a reasonable probability that he would have gone to trial will often necessitate an inquiry into the likely results at trial. Hill, 474 U.S. at

5

59-60.

In evaluating a claim of ineffective assistance of counsel made after a guilty plea, statements made under oath, such as those made in a proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure, are binding on the petitioner "[a]bsent clear and convincing evidence to the contrary." Id. "[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Accordingly, "a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 222.

The United States Court of Appeals for the Fourth Circuit has indicated that "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). When a petitioner alleges under penalty of perjury that he requested his attorney to file a notice of appeal, and the record does not conclusively refute his allegation—indeed, even when the record includes an affidavit from counsel explicitly denying that petitioner made any such request—the court is required to hold an evidentiary hearing to resolve the factual dispute. See Witherspoon, 231 F.3d at 926; see also United States v. Matthews, 239 F. App'x 806, 807 (4th Cir. 2007) (unpublished per curiam opinion).

### III. Discussion

Petitioner, having brought the instant motion *pro se*, is held to a less stringent standard than a petitioner represented by counsel, and the court must therefore construe the instant motion

liberally. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). Nevertheless, to dispose of Petitioner's first six claims, the court hardly needs to look beyond the plain language of Petitioner's plea agreement and Petitioner's own sworn statements during his plea hearing. United States v. Jordan, 509 F.3d 191, 195 (4th Cir. 2007).

**A. Defense Counsel's Failure to Raise a Defense**

Petitioner's first claim is that counsel was ineffective for failing to "raise a legal defense to challenge the government's position." Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2255 ("Mot. Mem.") at 41. This claim is directly contradicted by Petitioner's own sworn statements during his plea hearing. During the hearing, Petitioner confirmed that he had discussed all of the facts of his case with his attorney, that his attorney fully considered those facts, and that his attorney discussed with him any possible defenses to the charges brought against him. Petitioner also stated, while under oath, that he nevertheless decided to enter a plea of guilty because he was, in fact, guilty of the charge brought against him.

As previously noted, to the extent Petitioner's allegations contradict his own sworn statements, the court need not hold an evidentiary hearing, but should instead dismiss Petitioner's claim. Lemaster, 403 F.3d at 221-22. Here, it seems clear that defense counsel's conduct complied with Strickland. In addition, because Petitioner discussed any possible defenses with his attorney and nevertheless decided to enter a plea of guilty, Petitioner is unable to demonstrate prejudice as required by Strickland. Accordingly, the court finds that Petitioner's first claim lacks merit and should be dismissed.

7

### B. Defense Counsel's Coercion

Petitioner's second claim is that defense counsel coerced him into pleading guilty by promising that he would be sentenced to no more than three years imprisonment. Once again, Petitioner's claim contradicts his own sworn statements. During his plea hearing, Petitioner acknowledged that his plea was entered voluntarily and that he was pleading guilty because he was, in fact, guilty. In addition, Petitioner confirmed that neither his attorney nor the United States made any promise of leniency, or promise of any kind, in return for his plea of guilty other than what was contained in his written plea agreement. Petitioner's plea agreement, which is signed and initialed by Petitioner, clearly notified Petitioner that any estimate offered by defense counsel as to his sentence was merely a prediction and was not binding on the court. Plea Agreement ¶ 5. Petitioner's plea agreement also notified Petitioner that the court had authority to impose any sentence within the statutory maximum provided for his offense. Plea Agreement ¶ 5. During Petitioner's plea hearing, the court informed Petitioner of the maximum sentence associated with the charge brought against him, and asked if he understood the seriousness of the penalty provided by law for that offense. In response, Petitioner stated that he did understand the seriousness of the penalty provided by law.

In light of Petitioner's own sworn statements, as well as the terms of Petitioner's plea agreement, the court finds that defense counsel's conduct fully complied with Strickland. Accordingly, the court finds that Petitioner's second claim lacks merit and must be dismissed. Lemaster, 403 F.3d at 221-22.

### C. Defense Counsel's Conduct During the Sentencing Phase

Petitioner claims counsel was ineffective for failing to inform him that the PSR would

affect his sentence. Again, Petitioner's claim is contradicted by his own sworn statements during his plea hearing. During his plea hearing, Petitioner acknowledged that defense counsel discussed with him all the factors the court would consider in determining an appropriate sentence. Petitioner also acknowledged during his plea hearing that a PSR would be prepared and that the resolution of any disputes regarding the facts contained in the PSR could impact his sentence.

In light of Petitioner's statements, it seems clear that defense counsel's conduct satisfied Strickland's performance prong. However, even if defense counsel's conduct fell short of Strickland, it is evident that Petitioner's claim also fails to satisfy Strickland's prejudice prong. As stated above, the court advised Petitioner of the role the PSR would play in determining his sentence. Following the court's explanation, Petitioner acknowledged the significance of the PSR and nevertheless decided to enter a plea of guilty. Once again, because Petitioner's sworn statements contradict his claim, the court need not hold an evidentiary hearing, but will instead dismiss petitioner's claim. Lemaster, 403 F.3d at 221-22.

Petitioner also claims defense counsel informed him that the government would not challenge Petitioner's objections to the PSR and request for a downward departure. However, as previously noted, Petitioner confirmed during his plea hearing that neither his own counsel nor the government made any promise of leniency, or promises of any kind, in return for his guilty plea other than what was contained in his plea agreement. Petitioner's plea agreement contains no promises relating to Petitioner's sentencing. To the contrary, the agreement clearly provides that the government makes no representations or promises concerning Petitioner's sentence. Thus, pursuant to Lemaster, the court once again finds that Petitioner's claim lacks merit and

should be dismissed.

Petitioner's final claim regarding his sentencing is that defense counsel failed to adequately preserve the record for appeal because defense counsel failed to note an exception to the court's ruling regarding his objections to the PSR and request for a downward departure. The record in this case clearly indicates that defense counsel filed objections to the PSR and requested a downward departure. In addition, defense counsel argued those objections during Petitioner's sentencing hearing. By doing so, defense counsel adequately preserved the record for appeal and clearly satisfied Strickland's performance prong. See United States v. Curry, 461 F.3d 452, 459 (4th Cir. 2006) (noting that an objection argued throughout sentencing is preserved even if it is not raised after a sentence is announced).

### D. Defense Counsel's Failure to Raise Jurisdiction

Petitioner claims that counsel was ineffective for failing to challenge the court's jurisdiction over Petitioner's criminal case. In its order dated January 15, 2010, the court concluded that Petitioner's jurisdictional arguments were "patently frivolous." Consequently, defense counsel's decision not to raise the issue of jurisdiction clearly fell "within the wide range of reasonable professional assistance" required by Strickland. See Knowles v. Mirzayance, 129 S. Ct. 1411, 1422 (2009) ("Counsel . . . is not required to have a tactical reason–above and beyond a reasonable appraisal of a claim's dismal prospects for success" for declining to pursue such claim); Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (finding that counsel was not ineffective for failing to file a futile motion).

### E. Defense Counsel's Failure to File a Notice of Appeal on Petitioner's Behalf

There is nothing in the record to support Petitioner's allegation that he instructed his

counsel to file a notice of appeal. Indeed, his former counsel has submitted an affidavit stating that Petitioner never instructed him to appeal Petitioner's case. (Govt.'s Response, Ex. A, Dkt. No. 75.) Although the court notes that Petitioner's plea agreement contains a waiver of appeal, the validity of which Petitioner has not challenged, the court is compelled by the Fourth Circuit's decision in <u>Witherspoon</u> to grant an evidentiary hearing to resolve this apparent "genuine issue of material fact concerning whether [Petitioner] was denied effective assistance of counsel." <u>Matthews</u>, 239 F. App'x at 807.

### IV. Conclusion

For the foregoing reasons, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72 of the Local Rules of this court, it is hereby **ORDERED** that this matter be referred to United States Magistrate Judge Douglas E. Miller to conduct an evidentiary hearing and to submit proposed findings of fact and recommendations for the disposition of Petitioner's motion. Such evidentiary hearing and proposed findings and recommendations shall relate solely to the issue of whether Petitioner instructed his counsel to file a notice of appeal on his behalf in this case, and whether counsel's failure to file a notice of appeal constituted ineffective assistance.

After the Magistrate Judge files his proposed findings and recommendations, the Clerk shall forthwith mail copies to counsel of record and to Petitioner. 28 U.S.C. § 636(b)(1)(C). Within ten days after being served with a copy of the Magistrate Judge's proposed findings and recommendations, any party may serve and file written objections to such proposed findings and recommendations as provided in 28 U.S.C. § 636(b) and the Local Rules of this court. The instant motion is **DENIED** with respect to Petitioner's other claims of ineffective assistance of counsel.

Petitioner is advised that this Order is not a final order which he may appeal. A final order will be entered in this matter after Petitioner's final claim is resolved.

The Clerk is **REQUESTED** to mail a copy of this Order to petitioner and to the United States Attorney's Office in Newport News, Virginia. The government should contact Magistrate Judge Miller's chambers or calender clerk to schedule a hearing on Petitioner's motion, ensuring that there is adequate time to permit Petitioner to be transported to the courthouse.

**IT IS SO ORDERED.**

/s/

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 1, 2010